UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

COURTNEY STELLWAG, ET AL.,       :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :   CASE NO. 3:09-CV-1031(AWT)
                                 :
QUINNIPIAC UNIV., ET AL.,        :
                                 :
     Defendants.                 :

                RULING ON MOTION TO COMPEL (DOC. #42)

    The plaintiffs' Motion to Compel, doc. #42, is GRANTED IN PART AND DENIED IN PART, as follows.

    Interrogatory #12: The defendants object, first, on grounds of relevance and undue burden. The information sought is relevant. As to the objection of burdensomeness, the defendants have made some showing of burden by providing an affidavit from the Associate Dean of Student Affairs, Monique Drucker. But Dean Drucker's affidavit assumes that the plaintiffs' request is broader than it actually is: plaintiffs seek responsive records of expulsions and dismissals only, not suspensions or other disciplinary files. Considering the needs of the case, however, the burden of discovering this information for the requested 23 years outweighs its likely benefit, see Fed. R. Civ. P. 26(b)(2)(C)(iii). The defendants shall respond as to expulsions and dismissal only for the past ten years only.

    The defendants also object based on the provisions of the

                                   1

Family Educational Rights and Privacy Act ("FERPA"). Courts have recognized that FERPA does not create a privilege against disclosure of student records. Rios v. Read, 73 F.R.D. 589 (E.D.N.Y. 1977); Ragusa v. Malverne Union Free School District, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008). Moreover, "[u]nder the provisions of the statute, a school would not be subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to a judicial order." Ragusa, 549 F. Supp. at 291-92. Nonetheless, in light of the privacy concerns embodied in FERPA, courts have imposed a higher burden on litigants moving to compel the disclosure of educational records: "before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students." Rios, 73 F.R.D. at 599. See also Ragusa, 549 F. Supp. 2d at 292.

To the extent that FERPA applies to the redacted records sought by the plaintiffs[1], the court finds that the plaintiffs have met the higher burden imposed by the statute. Based on the plaintiffs' theory of the case, the disclosure of a limited number of student disciplinary files for comparison purposes is necessary

---

[1] The plaintiffs consent to the redaction of all personally identifying information in the records, and argue that such redacted records would not fall within FERPA's protections at all. See Ragusa v. Malverne Union Free School District, 349 F. Supp. 2d 288, 292 (E.D.N.Y. 2008)("[t]here is nothing in FERPA that would prohibit Defendants from releasing education records that had all 'personally identifiable information' redacted").

2

to the plaintiffs' prosecution of the case.  The court anticipates that the number of responsive records will not be unduly large, and any privacy concerns are significantly ameliorated by plaintiffs' agreement to redaction of personally identifying information.

Request for Production #14:  The defendants objected to this request as unduly vague, broad and irrelevant.  The relevance objection is overruled; the information is relevant.  During oral argument, the plaintiff agreed to limit the request to communications by the following individuals: Lahey, Drucker, Boucher, Morgan, Bushnell and Black.  The vagueness and overbreadth objections are adequately addressed by plaintiffs' agreement to limit the requests to the individuals named.  The defendants shall respond to the request as modified.

Request for Production #15: The defendants objected on grounds of relevance and FERPA.  There was neither a claim, nor a showing, of burdensomeness.  The relevance objection is overruled.  The FERPA objection is overruled for the same reasons set forth above regarding Interrogatory #12.  Responsive educational records shall be redacted and produced.

Requests for Production #16 and #17: The defendants object to these requests as overly broad and burdensome.  Defendants have made no showing of burden.  Defendant's overbreadth objection is overruled.  To the extent the plaintiff is aware of specific

incidents, plaintiff's counsel shall provide a list of those incidents to defense counsel within five days of this order. However, the defendant shall produce responsive records as to all incidents, including any incidents of which the plaintiff is not aware. The defendants' FERPA objections are overruled for the same reasons set forth above. Responsive educational records shall be redacted and produced.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 18th day of November, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge